FILED
IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y
★ APR 17 2009 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

GLENDA SMITH,

Plaintiff,

-against-

COUNTY OF NASSAU, THOMAS R. SUOZZI, County Executive (in his Official Capacity)

Defendants.

---------------------------------------------------------------------X

COMPLAINT

CV 09 1601

Jury Trial Demanded

SEYBERT, J.

ORENSTEIN, M.J.

Plaintiff GLENDA SMITH, by her attorneys, THE LAW OFFICE OF STEVEN A. MORELLI, P.C., complaining of the Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

***Jurisdiction and Venue***

1. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1981 to redress the discrimination against Plaintiff in the terms, conditions and privileges of her employment, as well as the deprivation by Defendants, under the policies, ordinances, custom and usage of all rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and all of the laws and statutes thereunder. This action also arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*; the New York State Executive Law, Human Rights Law, Section 290 *et seq.*; the Equal Pay Act of 1963; and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

***Condition Precedent***

4. Plaintiff filed formal administrative complaints with the Equal Employment Opportunity Commission ("EEOC"), and has received a right to sue letter. Annexed hereto and thereby incorporated into this complaint as **"Exhibit A"** is a copy of Plaintiff's Charge of Discrimination and Notice of Right to Sue letter granted by the EEOC.

5. This action was commenced within 90 days from Plaintiff's receipt of the Notice of Right to Sue.

***Parties***

6. At all times hereinafter mentioned, Plaintiff Glenda Smith was and still is an African-American woman, employed by the County of Nassau Health Department.

7. Plaintiff is a resident of the County of Nassau, State of New York.

8. At all times hereinafter mentioned, defendant County of Nassau ("Nassau County" or "County") was and still is a municipal corporation of the State of New York, with its principal place of business at 1 West Street Mineola, NY 11501.

9. Defendant Thomas R. Suozzi ("Suozzi"), at relevant times, was and still is the elected Nassau County Executive. As such, Suozzi is the highest-ranking official within the County, and is responsible for its administration and operation, including, but not limited

to (upon information and belief): hiring, firing, wage decisions, promotion and discipline of employees, and all other employment related issues. Suozzi is also the top policymaker for and/or within the County, charged with the responsibility of ensuring that employees are not subjected to discriminatory and/or retaliatory practices.

***Factual Allegations***

10. Plaintiff Glenda Smith an African-American female, was hired by the County of Nassau as a Community Service Representative in 1994.

11. In that capacity her duties included, organizing and holding Health Fairs for Nassau University Medical Center, budgeting, maintaining equipment and staff on event days, holding annual events, and handling the media and press issues.

12. Plaintiff was on the Board for HMO's, representing the Nassau University Medical Center.

13. Plaintiff's current salary is approximately $60,000.00 per year.

14. Upon information and belief, all Caucasian employees in the same position, Community Service Representative, have an average a salary of $85,260.00 per year.

15. In fact, upon information and belief, a Caucasian male, Plaintiff's junior, is making a higher salary than Plaintiff, of over $95,000.00 per year.

16. When County Executive, Thomas Suozzi, took office, Plaintiff's salary was frozen. Plaintiff is unaware of this happening to an white employees.

17. Upon information and belief, Plaintiff is earning the lowest salary of County employees, including new appointees, with the exception of the County drivers.

18. Upon information and belief, Plaintiff surpasses many of her co-workers in both education and seniority, however her salary reflects otherwise.

19. Defendants have also been discriminating against Plaintiff by not giving Plaintiff her yearly raises.

20. In addition, Defendants give Plaintiff assignments and responsibilities that are below her experience, education, and seniority.

21. Upon information and belief, Plaintiff is given these menial tasks, due to her race, and color in an unlawful discriminatory manner.

22. In addition, upon information and belief, the Defendant County, and or their officers, supervisors and employees have been tampering with Plaintiff's employment file.

23. Plaintiff received many commendation letters, and accolades from her work with the hospital. However, these letters were removed from Plaintiff's employment file, and replaced with negative and disparaging materials.

24. Upon information and belief, this harassment by the Defendants, by removing the true contents of her employment file, and replacing them with false information leading to an inference that the Defendants discriminated against the Plaintiff.

25. Furthermore, Plaintiff is currently forced, based upon her race, to work in the basement in a cubical, while other administrators are given their own offices.

26. Upon information and belief, the Defendants are trying to force Plaintiff into terminating her employment with the County, subjecting her to a hostile working environment and discrimination against her based upon her race, color, gender, and national origin.

27. Defendants' actions created a hostile working environment for Plaintiff.

28. In addition, as a result of Defendants discriminatory practices Plaintiff filed a charge with the EEOC.

29. Subsequent to filing formal charges of discrimination with the EEOC, Defendants retaliated and discriminated against Plaintiff by taking away her job responsibilities, continuing to belittle her, forcing her to engage in menial jobs, and her supervisors and coworkers gave her dirty looks.

30. As a result of the foregoing, Plaintiff sustained damages and injuries, including but not limited to: loss of wages, embarrassment, humiliation, mental and physical distress, economic, emotional, psychological injuries, severe stress, apprehension, and anxiety. Plaintiff also expended great amounts of her time and money to retain legal counsel to pursue this claim and all related maters.

**AS AND FOR A FIRST CAUSE OF ACTION**

31. Plaintiff, repeats, reiterates, and re-alleges each and every allegation previously set forth as if set forth more fully herein at length.

32. Plaintiff has been subjected to adverse employment actions due to the Defendants discriminating against her based upon her race and gender.

33. Further, Plaintiff has been subjected to an atmosphere of severe and pervasive discriminatory harassment and adverse employment actions causing Plaintiff to endure a hostile working environment based upon her race, and gender as well as retaliation based upon her good faith opposition to the Defendants discriminatory practices, and the Plaintiff participating in protected activities. Such actions are discriminatory and

retaliatory in practice. These actions by The County of Nassau are in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, 42 U.S.C. § 1981, 42 U.S.C. §2000-e, *et seq.*; and the New York State Executive Law, the Human Rights Law, §290, *et seq.*

**AS AND FOR A SECOND CAUSE OF ACTION**

34. Plaintiff, repeats, reiterates, and re-alleges each and every allegation previously set forth as if set forth more fully herein at length.

35. Suozzi and the County of Nassau, while acting under color of state law, deprived Plaintiff of her constitutional rights, as secured by the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, and all related provisions of the New York State Constitution. Defendants, its supervisors and employees have intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights. Such deliberate indifference may be inferred in the following ways:

a. Defendant's custom or practice of discriminating and/or retaliating against Plaintiff based on her race, sex/gender. The discriminatory practices were so persistent and widespread that they constitute the constructive acquiescence of policymakers.

b. Supervisors failed to properly investigate and address allegations of discrimination.

c. Inadequate training/supervision was so likely to result in the

        discrimination that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

d. Policymakers engaged in and/or tacitly condoned the discrimination.

**AS AND FOR A THIRD CAUSE OF ACTION**

36. Plaintiff, repeats, reiterates, and re-alleges each and every allegation previously set forth as if set forth more fully herein at length.

37. Suozzi unlawfully participated in and/or permitted the aforementioned unlawful conduct to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

38. Suozzi aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law § 296(6) and all other applicable laws.

WHEREFORE, Plaintiff demands judgment against Defendants, where applicable, for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

**FURTHER,** Plaintiff demands a trial by jury.

Dated: Carle Place, New York
April 14, 2009

LAW OFFICE OF
STEVEN A. MORELLI, P.C.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 393-9151

STEVEN A. MORELLI, ESQ (SM-4721)
ANTHONY GIORDANO, ESQ (AG-1995)

**VERIFICATION**

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

GLENDA SMITH, being duly sworn, states that she is a plaintiff in this action, and that she has reviewed the foregoing Complaint and that the contents of said Complaint are true to her own knowledge, except as to matters therein stated to be alleged upon information and belief and, as to those matters, she believes them to be true.

____________________
Glenda Smith

Sworn to before me
this 10th day of April 2009

____________________
NOTARY PUBLIC

SHANNON K HYNES
NOTARY PUBLIC STATE OF NEW YORK
LIC #02HY619[illegible]
COMM. EXP. 8-25-2012
COMMISSION IN QUEENS COUNTY

Exhibit A



U.S. Department of Justice

Civil Rights Division

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

GCB:WBF:mdw
DJ 170-52-84

JAN 14 2009

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Glenda Smith
c/o Anthony Giordano, Esq.
Law Office of Steven A. Morelli
One Old Country Road, Suite 347
Carle Place, NY 11514

Re: Glenda Smith v. County of Nassau,
EEOC No. 520-2008-02195

Dear Ms. Smith:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(l) of Title VII, 42 U.S.C. 2000e-5(f)(l).

We are returning the files in this matter to EEOC's New York District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Spencer H. Lewis., Jr., District Director, EEOC, 33 Whitehall Street, 5th Fl., New York, NY 10004.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

By: William B. Fenton
William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Barbara Van Riper, Esq.
County of Nassau



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3630
General FAX: (212) 336-3625

Spencer H. Lewis, Jr.
District Director

**CHARGING PARTY**

**Charge Number: 520-2008-02195**

Glenda Smith
c/o Anthony Giordano
The Law Office of Steven A. Morelli
One Old Country Road, Suite 347
Carle Place, NY 11514

**RESPONDENT**

County of Nassau
c/o Abby M. Sonin, Deputy County Attorney
Office of the County Attorney
One West Street
Mineola, New York 11501-4820

**DETERMINATION**

Under the authority vested in me by the Equal Employment Opportunity Commission (Commission), I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964 (Title VII), as amended. Timeliness and all other jurisdictional requirements have been met.

Charging Party alleges that Respondent has violated Title VII on the basis of her race, national origin and in retaliation for opposing employment discrimination. In particular, Charging Party alleges that she was denied assignment and other equal terms and conditions of employment, and that she was paid a lower salary.

Charging Party has established a prima facie case of employment discrimination under Title VII of the Civil Rights Act of 1964, as amended. After a prima facie case has been established by Charging Party, the burden of proof shifts to Respondent in the matter to provide legitimate, non-discriminatory justifications for the actions it engaged in.

Respondent in this matter was provided with several opportunities to respond to the allegations brought by Charging Party. Respondent's requests for extensions to respond to the charge were granted by the Commission. No response has been submitted by Respondent to-date. Inasmuch as Respondent has failed to articulate legitimate, non-discriminatory reasons for the alleged actions despite having been accorded several opportunities to do so, the Commission at this time determines that Respondent has failed to meet its burden of proof.

Accordingly, the Commission concludes that there is reasonable cause to believe that Respondent has engaged in employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

Section 706 (b) of Title VII requires that if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of the matter. Maritza Rondon-Velazquez of this office will be in contact with each party in the near future to begin the conciliation process. Disclosure of the information obtained by the Commission during the conciliation process will be made in accordance with Section 706 (b) of Title VII and Section 1601.26 of the Commission's Procedural regulations. When the Respondent declines to enter into settlement discussions, or when the Commission's representative is unable to secure a settlement acceptable to the Office Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission.

On Behalf of the Commission

8/26/08
Date

Spencer H. Lewis, Jr.
District Director

**U.S. Equal Employment Opportunity Commission**
**New York District Office**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TDD: 1-800-669-6820
FAX (212) 336-3625
1-800-669-4000

Respondent: COUNTY OF NASSAU
EEOC Charge No.: 520-2008-02195
FEPA Charge No.:

April 14, 2008

Glenda Smith
2600 Henry Street
Merrick, NY 11566

Dear Ms. Smith:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ X ] Title VII of the Civil Rights Act of 1964 (Title VII)

[ ] The Age Discrimination in Employment Act (ADEA)

[ ] The Americans with Disabilities Act (ADA)

[ ] The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[X] Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.
New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Michael Bertty
ADR Coordinator
(973) 645-6655

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)

cc: Anthony Giordano
LAW OFFICE OF STEVEN A. MORELLI
One Old Country Road, Suite 347
Carle Place, NY 11514

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [ ] FEPA [X] EEOC

CHARGE NUMBER: 520-2008-02195

New York State Division of Human Rights and EEOC

*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Glenda Smith | 1(516) 902-0226 (cell) |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2600 Henry Street, Merrick, NY 11566 | | 8/28/55 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Nassau County, Thomas Suozzi, David Greene | 10,000+ | (516) 571-3000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1 West Street, Mineola, NY11501 | | Nassau |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| Nassau County Department of Health, Carl Kemp, Edwin Poulter, Carol LaSalle, Dr. David Ackman, Shelly Shecter | (516) 571-3410 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 240 Old Country Rd, Mineola, NY 11501 | | Nassau |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] AGE

[X] RETALIATION [X] NATIONAL ORIGIN [ ] DISABILITY [ ] OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE

| EARLIEST (ADEA/EPA) | LATEST (ALL) |
|---|---|
| 1994 | 2008 |

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Please See Glenda Smith Appendix-A

RECEIVED
FEB 26 2008
EEOC-NYDO-CRTIU

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date 1/23/08 Charging Party *(Signature)* Glenda Smith

SIGNATURE OF COMPLAINANT Glenda Smith

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 23rd January 2008

Sylvia R. Sweet

SYLVIA R. SWEET
Notary Public, State of New York
No. 01SW6113411
Qualified in Nassau County
Commission Expires July 26, 2008

EEOC FORM 5 (10/94)

Glenda Smith–Appendix A

1. Glenda Smith, a Black African-American woman ("Glenda"), born 8/28/1955, Is an employee of Nassau County. Specifically she is employed by the Nassau County Health Department.

2. Approximately, 1994, Glenda was promoted to "Community Service Representative, where she worked as an administrator.

3. After Accepting position, Glenda's responsibilities entailed organizing and holding Health Fairs, for Nassau University Medical Center, budgeting, maintaining equipment and staff on event days, holding annual events, dealing with the media and press, and she has even sat on the board for HMO's, representing the Hospital.

4. Currently, employees with the same job title and fewer years on the job are being paid a much greater salary then is Glenda. Specifically a white, non-black, employee is being paid approximately $95,000 per year, well over Glenda' salary, to perform the same duties as Glenda performs. Annexed hereto as **Exhibit A** is a copy of the salaries of employees with the title of Community Service Representatives.

5. When the County Executive, Thomas Suozzi, took office, Glenda's salary was frozen. Glenda is unaware of this happening to any white, non-black employees.

6. It is presently believed that Glenda is being paid the lowest salary amongst County employees, including NEW APPOINTEES, with exception to the County Drivers.

7. Glenda surpasses many of her co-workers in education and in seniority, however, her salary reflects otherwise. Further Glenda has not been getting yearly raises, nor has she been given the assignments that would be given to an employee of her caliber.

8. Recently Glenda's personal file had been tampered with; commendation letters, from her work at the Hospital, had been removed, and negative materials were put in their place.

9. Currently, the administration was forced to return Glenda to her position, yet that did not stop the horrific discrimination. Other administrators sign Glenda's work product, she has been forced to sit in the basement with no work or assignments. The above further verifies the motivations behind the heinous discrimination.

10. Based on the foregoing, Glenda Smith was subjected to discrimination based on her Race, National Origin and Retaliation, in violation of the, the Equal Pay Act 1963, the Civil Rights Act of 1991, Civil Rights Act of 1964, New York State Human Rights Law § 290 <u>et seq</u>., as well as all applicable local, state, and federal provisions that can be inferred from the facts set forth herein.

RECEIVED
FEB 26 2003
EEOC-NYDO-CRTIU

# EXHIBIT A



COMMISSIONERS
JOHN J. SENKO, JR.
DAVID J. GUGERTY
JAMES F. DEMOS

EXECUTIVE DIRECTOR
KARL KAMPE

**NASSAU COUNTY**
**CIVIL SERVICE COMMISSION**

40 MAIN STREET
HEMPSTEAD, NEW YORK 11550
516-572-1882
FAX (516) 572-1863

January 25, 2008

Steven A. Morelli, Attorney at Law
One Old Country Road, Suite 347
Carle Place, New York 11514

Dear Mr. Morelli:

Re: Freedom of Information Law Request

In response to your request of January 14, 2008, regarding incumbents in the title of Community Services Representative, we provide the following:

| | | | | Pay Rate | | |
|---|---|---|---|---|---|---|
| **Name** | **Appt. Date** | **2004** | **2005** | **2006** | **2007** | **2008** |
| Helen McQueen | 01/06/03 | 55,846 | 58,638 | 60,984 | 63,728 | 63,728 |
| Cheryl Lee | 06/23/06 | --- | --- | 55,000 | 56,925 | 56,925 |
| Dolores Sedacca | 01/30/04 | 70,000 | 72,450 | 75,000 | 77,625 | 77,625 |
| Randolph Yunker | 12/18/01 | 81,500<br>85,000 | 90,000 | 105,000 | 108,675 | 108,675 |
| Kenneth Heino | 06/09/04 | 65,000 | 67,275 | 69,966 | 73,114 | 73,114 |
| Sonia Burkard | 01/19/07 | --- | --- | --- | 45,000 | 45,000 |
| Rafael Garza Jr. | 02/09/07 | --- | --- | --- | 45,000 | 45,000 |
| Simonemarie Meeks | 03/30/07 | --- | --- | --- | 85,586 | 85,586 |
| Glenda Smith | 10/06/95 | 45,201 | 46,467 | 49,295 | 54,627 | 54,627 |
| Geraldine Barish | 06/30/00 | 65,000 | 65,000 | 66,625 | 69,263 | 69,263 |
| Gina Goldsmith | 03/05/04 | 50,000 | 51,000 | 52,275 | 54,627 | 54,627 |
| Tracy Williams | 07/26/04 | 52,673 | 65,977 | 68,616 | 70,674 | 70,674 |
| Justin Connor | 04/09/04 | 75,000 | 79,027 | 81,003 | 84,648 | 84,648 |
| Stuart Held | 04/09/04 | 80,000 | 80,000 | 82,000 | 85,690 | 85,690 |
| Colin McVetty | 04/09/04 | 30,000 | 35,000 | 42,000<br>49,000 | 51,205 | 51,205 |
| Frank Venturino | 04/05/04 | 45,000 | 47,250<br>70,000 | 70,000 | 73,150 | 73,150 |
| Erin Reilly | 03/19/07 | --- | --- | --- | 45,000 | 45,000 |
| Carl Dehaney | 05/07/04 | 52,000 | 54,600 | 56,784<br>60,000 | 62,700 | 62,700 |

Steven A. Morelli
January 25, 2008

| Name | Appt. Date | 2004 | 2005 | Pay Rate 2006 | 2007 | 2008 |
|---|---|---|---|---|---|---|
| Alejandra Alvarado | 10/22/07 | --- | --- | --- | 42,500 | 42,500 |
| Jamie Birnbaum | 11/28/05 | --- | 47,500 | 50,000 | 52,250 | 52,250 |
| Ana Blanco | 03/04/05 | --- | 42,500<br>45,000 | 46,125 | 48,201 | 48,201 |
| Timothy Blue | 03/04/05 | --- | 42,500<br>45,000 | 46,125 | 48,201 | 48,201 |
| Liliana Estrada | 03/04/05 | --- | 42,500<br>45,000 | 46,125 | 48,201 | 48,201 |
| Patricia Johnson | 03/04/05 | --- | 50,000<br>52,500 | 53,813 | 56,235 | 56,235 |
| Aurelia Panzarella | 03/04/05 | --- | 42,500<br>45,000 | 46,125 | 48,201 | 48,201 |
| Deborah Reed | 03/04/05 | --- | 42,500<br>45,000 | 46,125 | 48,201 | 48,201 |
| Tyrone Sylvester | 08/06/03 | 50,000 | 51,750 | 53,820 | 56,242 | 56,242 |
| Jonathan Fisher | 04/26/04 | 33,000 | 33,000 | 33,825 | 34,840 | 34,840 |
| Laurence Altenburg | 02/15/02 | 72,500 | 72,500 | 78,040 | 81,552 | 81,552 |
| Patrick Yngstrom | 02/15/02 | 72,500 | 72,500 | 78,040 | 81,552 | 81,552 |

Very truly yours,

Karl Kampe

ADDENDUM to Exhibit A

| NAME | YEAR HIRED | SALARY | NOTES |
|---|---|---|---|
| Carl Dehaney | 2004 | 62,700 | Black |
| Tyrone Sylvester | 2003 | 56,242 | Spanish |
| Simone Meeks | 2007 | 85,586 | Congressman Meeks wife |
| Rafael Garza Jr | 2007 | 45,000 | Spanish |
| Tracy Williams | 2004 | 70,674 | Black, works in a different department (Human Rights Department) |
| Patricia Johnson | 2005 | 56,235 | Black |
| Sonia Burkard | 2007 | 45,000 | ???? |
| **Glenda Smith** | **1995** | **54,627** | **Black, look at her start year compared to the White employees making over $80,000** |
| | | | |
| | | | |
| All white employees | 2002 or earlier | Avg 85,260.50 | the white employees hired 2002 or earlier average $30,633.50 more than Ms. Smith who has been an employee since 1995. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |